IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROY ESSEX, et al.

    v.                   : Civil Action No. DKC 2003-3276

DOUGLAS A. RANDALL, et al.

## MEMORANDUM OPINION

Presently pending and ready for resolution in this Employment Retirement Income Security Act of 1974 ("ERISA") case is the request of Plaintiffs Roy Essex, Eric Weiss, Frank Stegman, Ritchie Brooks, William Johnson, and John Woodall, as Trustees of the Warehouse Employees Union Local No. 730 Health & Welfare Trust Fund ("the Fund"), for attorneys' fees (paper no. 31).  For the reasons that follow, the court denies without prejudice Plaintiffs' request, but  Plaintiffs may resubmit a properly supported petition in accordance with Local Rule 109.2.

The Fund, an employee benefits plan that provides health and welfare benefits to its participants and their eligible dependents, sued fund participant Defendant Douglas A. Randall and his attorney, Defendant James F. Farmer, for failure to comply with a subrogation agreement ("Agreement") entered into by the Fund and both Defendants.  Defendant Randall was injured in an automobile accident.  He collected $9,646.50 in benefits

from the Fund.  Then, without the Fund's knowledge, he sued the injuring party and settled for $20,000.  According to the terms of the Agreement, Randall was required to notify the Fund of any such lawsuit and/or settlement, and to reimburse the Fund for the full amount he had collected from it with his settlement proceeds.  Defendant Farmer, also a signatory to the Agreement and bound by its terms, was aware of the settlement and received an attorney's fee in connection with it, but also failed either to notify or to reimburse the Fund.

On March 15, 2005, this court entered an order granting (in part) default judgment against defendant Douglas A. Randall; granting (in part) summary judgment against defendant James F. Farmer; entering judgment in favor of Plaintiffs; providing relief in the form of both an equitable lien on any settlement proceeds held by either Defendant, not to exceed $9,646.50, and a constructive trust on an escrow account containing at least some of the attorney's fee Farmer received as a result of the settlement; and granting Plaintiffs reasonable attorneys' fees. Plaintiffs were directed to submit a declaration of attorney's fees to the court.

In the District of Maryland, a request for attorneys' fees must comply with Local Rule 109.2(b), which states that the request

must be supported by a memorandum setting
forth the nature of the case, the claims as
to which the party prevailed, the claims as
to which the party did not prevail, a
detailed description of the work performed
broken down by hours or fractions thereof
expended on each task, the attorneys'
customary fee for such like work, the
customary fee for like work prevailing in
the attorneys' community, a listing of any
expenditures for which reimbursement is
sought, any additional factors which are
required by the case law, and any additional
factors that the attorney wishes to bring to
the Court's attention.

D.Md. Local Rule 109.2(b); *see, e.g., Bakery & Confectionery
Union & Indus. Int'l Pension Fund v. New World Pasta Co.,* 309
F.Supp.2d 716, 730 (D.Md. 2004) (in ERISA case, prevailing
plaintiff pension fund will be awarded "attorney fees and costs
of an amount to be determined after submission of a properly
supported petition by [defendant] in accordance with Local Rule
109"). Plaintiffs' declaration falls far short of these
requirements, as it does not set forth "the nature of the case,"
"the specific claims" as to which Plaintiffs did and did not
prevail, or "the customary fee for like work prevailing in the
attorneys' community." Furthermore, there is no justification
for the numbers of attorneys involved, nor the reason for
duplication of tasks among the several attorneys. The proper
format and content of requests for attorneys' fees are set forth
in Appendix B to the Local Rules, "Rules and Guidelines for

Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases," which are applicable to ERISA cases pursuant to footnote 1 of that Appendix.  Accordingly, Plaintiffs' prayer for attorneys' fees, as submitted, will be denied.  Plaintiffs will be permitted to resubmit, no later than May 13, 2005, a properly supported petition in compliance with Rule 109.2 and the Guidelines.

In their submission, Plaintiffs also request that the court "clarify that Defendants are jointly and severally liable for the total amount of the judgment rendered, including attorneys' fees and costs."  Paper no. 31, at 1.  While Defendants generally are jointly and severally liable for the award of attorneys' fees and costs, *see, e.g., Mid Atl. Med. Servs. v. Sereboff*, 316 F.Supp.2d 265 (D.Md. 2004) (in ERISA case, defendants jointly and severally liable to prevailing health insurance fund for attorney's fees, expenses, and prejudgment interest), the court cannot make such a determination without understanding precisely the tasks for which fees are being sought.  The defendants in this case are not in the same position, one being in default, and the other not.  Thus, any determination as to whether the defendants are jointly or severally liable for any portion of a reasonable fee cannot be determined in advance.  Furthermore, Defendants are not jointly

4

and severally liable for any amounts each might owe pursuant to the non-monetary remedies imposed by the court, i.e., the equitable lien and constructive trust.  A separate Order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

May 3, 2005